IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMEO HOLLAND, an Individual and Next of Kin to Minor Child, S.R., Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OKLAHOMA CITY and <br> WADE GOURLEY, individually, <br> COREY ADAMS, individually, <br> JARED BARTON, individually, <br> BRAD PEMBERTON, individually, <br> BETHANY SEARS, individually <br> JOHN SKUTA, individually <br><br> Defendants. | Case No. CIV-21-275-J <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT CITY OF OKLAHOMA CITY'S MOTION TO DISMISS**

COMES NOW Defendant, the City of Oklahoma City, by and through its attorneys of record, Richard N. Mann and Katie Goff, Assistant Municipal Counselors, and pursuant to Rules 12(b)(6) of the Fed.R.Civ.P. and 51 O.S. § 151, *et seq.* moves this Court to Dismiss this action as is more fully set in the Brief in Support below.

**BRIEF IN SUPPORT**

**STATEMENT OF CASE**

1. On March 30, 2020, Plaintiff filed her Complaint alleging causes of actions pursuant to 42 USC § 1983 including, against Defendant City, "Negligent Training and Supervision" and "Deliberate Indifference-Policy, Practice Custom." Complaint at ¶¶171-226, Doc. 1. Plaintiff also alleges against Defendant City a state law cause of action, "Wrongful Death-Negligence." Complaint at ¶227-243, Doc. 1These causes of

action arise from an Oklahoma City Police Department use of force occurring on or about November 23, 2020.

2. Plaintiff served the City with this Action on or about April 7, 2021.[1]

3. At ¶¶257-258, under the heading "Punitive Damages" Plaintiff alleges she is entitled to punitive damages against all defendants on her §1983 causes of action. She further alleges that she is entitled to punitive damages against the City on her state law causes of action. A plaintiff cannot obtain such an award against a municipality under federal or state law.

## ARGUMENT AND AUTHORITIES

### Proposition No. 1. Plaintiff's Request for Punitive Damages against Defendant City must be Dismissed.

The Complaint seeks recovery from the Defendants for "punitive damages." Complaint at ¶256-258, Doc. 1. However, Plaintiff is not entitled to recovery punitive damages against the City under either federal or state law. Section 154(c) of the GTCA states that "[n]o award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages." Additionally, in *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981), the Supreme Court held that punitive damages are not available against a municipality in a § 1983 claim. Accordingly, Plaintiff's request for punitive damages against the City of Oklahoma City must be dismissed.

---

[1] Plaintiff has also named several OCPD officers and the Chief of Police in this Petition in both their individual and official capacities, but they have not yet been served. Punitive Damages would not be proper against them in their official capacity though either.

## CONCLUSION

For reasons stated herein, Plaintiff's action should be dismissed.

        Respectfully submitted,

        KENNETH JORDAN
        Municipal Counselor

By:  /s/ Katie Goff
       Richard N. Mann, OBA #11040
       Katie Goff, OBA #32402
       Assistant Municipal Counselors
       200 North Walker, Suite 400
       Oklahoma City, Oklahoma 73102
       (405) 297-2451
       richard.mann@okc.gov
       katie.goff@okc.gov
       Attorneys for Defendant
       City of Oklahoma City

## CERTIFICATE OF MAILING

I hereby certify that on the 28th day of April, 2021, I electronically transmitted the attached Defendant City of Oklahoma City's Motion to Dismiss to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Rand C. Eddy, rand@lawokc.com, Attorney for Plaintiff.

        /s/ Katie Goff