**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CAMEO HOLLAND, an Individual and | ) | |
| Next of Kin to Minor Child, S.R., Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV-21-275-J |
| v. | ) | |
| | ) | |
| CITY OF OKLAHOMA CITY and | ) | |
| WADE GOURLEY, individually, | ) | |
| COREY ADAMS, individually, | ) | |
| JARED BARTON, individually, | ) | |
| BRAD PEMBERTON, individually, | ) | |
| BETHANY SEARS, individually | ) | **JURY TRIAL DEMANDED** |
| JOHN SKUTA, individually | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT CITY OF OKLAHOMA CITY

COMES NOW a Defendant, City of Oklahoma City ("City"), and for its Answer to the Complaint of Plaintiff filed herein, alleges and states as follows:

1.     Defendant City is without sufficient information or knowledge to admit or deny the allegations in paragraph 1 and therefore they are denied.

2.     Admitted.

3.     City admits paragraph 3 to the extent only that Chief Gourley is the Chief of Police and was on or around November 23, 2020 and was within the scope of his employment.  The remainder of this paragraph is denied as written to the extent it applies to Defendant City.

4.     City admits paragraph 4 to the extent that this Officer was employed by the City of Oklahoma City or around November 23, 2020 and was within the scope of his or

her employment.  The remainder of this paragraph is denied as written to the extent it applies to Defendant City.

5.      City admits paragraph 5 to the extent that this Officer was employed by the City of Oklahoma City or around November 23, 2020 and was within the scope of his or her employment.  The remainder of this paragraph is denied as written to the extent it applies to Defendant City.

6.      City admits paragraph 6 to the extent that this Officer was employed by the City of Oklahoma City or around November 23, 2020 and was within the scope of his or her employment.  The remainder of this paragraph is denied as written to the extent it applies to Defendant City.

7.      City admits paragraph 7 to the extent that this Officer was employed by the City of Oklahoma City or around November 23, 2020 and was within the scope of his or her employment.  The remainder of this paragraph is denied as written to the extent it applies to Defendant City.

8.      City admits paragraph 8 to the extent that this Officer was employed by the City of Oklahoma City or around November 23, 2020 and was within the scope of his or her employment.  The remainder of this paragraph is denied as written to the extent it applies to Defendant City.

9.      Paragraph 9 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

10.     City admits paragraph 10 only to the extent that the City received Notice of Tort Claim from this Plaintiff on or about December 14, 2020. Otherwise, it is denied as written.

11.     Paragraph 11 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

12.     Paragraph 12 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

13.     Paragraph 13 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

14.     Paragraph 14 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

15.     Paragraph 15 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

16.     The City is without sufficient information to admit or deny the allegations in paragraph 16 and therefore it is denied as written.

17.     The City admits paragraph 17 to the extent that OCPD Officer deployed a use of force involving S.R. on or around November 23, 3020. Otherwise, the City is without sufficient information to admit or deny this paragraph as written and it is therefore denied.

18.     Defendant City admits that S.R. died, but denies the remainder of paragraph 18 as written.

19.     Admitted.

20.     Admitted.

21.     City is without sufficient information to admit or deny this paragraph, therefore it is denied as written.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     City is without sufficient information to admit or deny paragraph 27, so it is therefore denied as written.

28.     Denied.

29.     Denied.

30.     City denied paragraph 30 to the extent that S.R. acted "in compliance with commands made," but otherwise admitted.

31.     Denied as written.

32.     Denied as written.

33.     Admitted.

34.     City admits paragraph 34 to the extent that S.R. dropped the gun on the ground, otherwise denied as written.

35.     City admits paragraph 35 to the extent that S.R. moved his hands towards his pockets and waistbands, otherwise denied as written.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     City is without sufficient information to admit or deny paragraph 42, therefore it is denied.

43.     Admitted.

44.     City admits paragraph 44, except as to the use of the word "accordingly" which is denied.

45.     To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     City admits paragraph 51 only to the extent that the City has created a Task Force which includes the Chief and the City Manager's Office. The remainder of this paragraph is denied.

52.     Paragraph 52 is admitted to the extent that OCPD deployed a use of force involving Bennie Edwards and that the District Attorney's Office has filed related charges. The remainder of this paragraph is denied.

53.     The City is without sufficient information to determine if paragraph 53 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

54.     The City is without sufficient information to determine if paragraph 54 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer. The paragraph is otherwise denied.

55.     The City is without sufficient information to determine if paragraph 55 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

56.     The City is without sufficient information to determine if paragraph 56 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

57.     The City is without sufficient information to determine if paragraph 57 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

58.     The City is without sufficient information to determine if paragraph 58 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

59.     The City is without sufficient information to determine if paragraph 59 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

60.     The City is without sufficient information to determine if paragraph 53 contains allegations against Officer Adams in his official capacity. To the extent this

paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer. The paragraph is otherwise denied.

61.    The City is without sufficient information to determine if paragraph 53 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer. The paragraph is otherwise denied.

62.    The City is without sufficient information to determine if paragraph 53 contains allegations against Officer Adams in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer. The paragraph is otherwise denied.

63.    Denied.

64.    The City is without sufficient information to determine if paragraph 64 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer. The paragraph is otherwise denied.

65.    The City is without sufficient information to determine if paragraph 65 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to

move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

66.    The City is without sufficient information to determine if paragraph 66 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

67.    The City is without sufficient information to determine if paragraph 67 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

68.    The City is without sufficient information to determine if paragraph 68 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

69.    The City is without sufficient information to determine if paragraph 69 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

70.     The City is without sufficient information to determine if paragraph 70 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

71.     The City is without sufficient information to determine if paragraph 71 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

72.     The City is without sufficient information to determine if paragraph 72 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

73.     The City is without sufficient information to determine if paragraph 73 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

74.     The City is without sufficient information to determine if paragraph 74 contains allegations against Officer Barton in his official capacity. To the extent this

paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

75.    The City is without sufficient information to determine if paragraph 75 contains allegations against Officer Barton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

76.    The City is without sufficient information to determine if paragraph 76 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph if otherwise denied.

77.    The City is without sufficient information to determine if paragraph 77 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

78.    The City is without sufficient information to determine if paragraph 78 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to

move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

79.     The City is without sufficient information to determine if paragraph 79 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

80.     The City is without sufficient information to determine if paragraph 80 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

81.     The City is without sufficient information to determine if paragraph 81 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

82.     The City is without sufficient information to determine if paragraph 82 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

83.     The City is without sufficient information to determine if paragraph 83 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

84.     The City is without sufficient information to determine if paragraph 84 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

85.     The City is without sufficient information to determine if paragraph 85 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

86.     The City is without sufficient information to determine if paragraph 86 contains allegations against Officer Pemberton in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

87.     The City is without sufficient information to determine if paragraph 87 contains allegations against Officer Spears in her official capacity. To the extent this

paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

88.     The City is without sufficient information to determine if paragraph 88 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

89.     The City is without sufficient information to determine if paragraph 89 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

90.     The City is without sufficient information to determine if paragraph 90 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

91.     The City is without sufficient information to determine if paragraph 91 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to

move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

92.     The City is without sufficient information to determine if paragraph 92 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

93.     The City is without sufficient information to determine if paragraph 93 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

94.     The City is without sufficient information to determine if paragraph 94 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

95.     The City is without sufficient information to determine if paragraph 95 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

96.     The City is without sufficient information to determine if paragraph 96 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

97.     The City is without sufficient information to determine if paragraph 97 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

98.     The City is without sufficient information to determine if paragraph 98 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

99.     The City is without sufficient information to determine if paragraph 99 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

100.    The City is without sufficient information to determine if paragraph 100 contains allegations against Officer Spears in her official capacity. To the extent this

paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

101.   The City is without sufficient information to determine if paragraph 101 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

102.   The City is without sufficient information to determine if paragraph 102 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

103.   The City is without sufficient information to determine if paragraph 103 contains allegations against Officer Spears in her official capacity. To the extent this paragraph is alleged against the Officer in her official capacity, City reserves the right to move to dismiss this Officer in her official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   The City is without sufficient information to determine if paragraph 107 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

108.   The City is without sufficient information to determine if paragraph 108 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

109.   The City is without sufficient information to determine if paragraph 109 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

110.   The City is without sufficient information to determine if paragraph 110 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

111.   The City is without sufficient information to determine if paragraph 111 contains allegations against Officer Skuta in his official capacity. To the extent this

paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

112.    The City is without sufficient information to determine if paragraph 112 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

113.    The City is without sufficient information to determine if paragraph 113 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

114.    The City is without sufficient information to determine if paragraph 114 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

115.    The City is without sufficient information to determine if paragraph 115 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to

move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

116.    The City is without sufficient information to determine if paragraph 116 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

117.    The City is without sufficient information to determine if paragraph 117 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

118.    The City is without sufficient information to determine if paragraph 118 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

119.    The City is without sufficient information to determine if paragraph 119 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

120.    The City is without sufficient information to determine if paragraph 120 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

121.    The City is without sufficient information to determine if paragraph 121 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

122.    The City is without sufficient information to determine if paragraph 122 contains allegations against Officer Skuta in his official capacity. To the extent this paragraph is alleged against the Officer in his official capacity, City reserves the right to move to dismiss this Officer in his official capacity within the prescribed statutory time upon service of this Officer.  The paragraph is otherwise denied.

123.    Defendant City incorporates and restates its Answer to Paragraphs 1-122 herein.

124.    Paragraph 124 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

125.    The City is without sufficient information to determine if paragraph 125 contains allegations against the officers in their official capacities. To the extent this

paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny, and therefore it is denied.

126.   The City is without sufficient information to determine if paragraph 126 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

127.   The City is without sufficient information to determine if paragraph 127 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service.  To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

128.   The City is without sufficient information to determine if paragraph 128 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

129.    The City is without sufficient information to determine if paragraph 129 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

130.    The City is without sufficient information to determine if paragraph 130 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny, and therefore it is denied.

131.    The City is without sufficient information to determine if paragraph 131 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny, and therefore it is denied.

132.    The City is without sufficient information to determine if paragraph 132 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time

upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

133.    The City is without sufficient information to determine if paragraph 133 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

134.    The City is without sufficient information to determine if paragraph 134 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in his official capacities within the prescribed statutory time upon service. To the extent their paragraph contains allegations against the City, the City denies this paragraph as written.

135.    The City is without sufficient information to determine if paragraph 135 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

136.    The City is without sufficient information to determine if paragraph 136 contains allegations against the officers in their official capacities. To the extent this

paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

137.    The City is without sufficient information to determine if paragraph 137 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

138.    The City is without sufficient information to determine if paragraph 138 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

139.    The City is without sufficient information to determine if paragraph 139 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

140. The City is without sufficient information to determine if paragraph 140 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

141. Paragraph 141 contains no allegations against the City, thus not requiring a response. To the extent a Response is required, this paragraph is denied by Defendant City.

142. Defendant City incorporates and restates its Answer to Paragraphs 1-141 herein.

143. Paragraph 143 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

144. The City is without sufficient information to determine if paragraph 144 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City admits this paragraph to the extent that S.R. was standing when the officers deployed the use of force.

145. The City is without sufficient information to determine if paragraph 145 contains allegations against the officers in their official capacities. To the extent this

paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

146.    The City is without sufficient information to determine if paragraph 146 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

147.    The City is without sufficient information to determine if paragraph 147 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

148.    The City is without sufficient information to determine if paragraph 148 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

149.    The City is without sufficient information to determine if paragraph 149 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph as written.

150.    Paragraph 150 contains no allegations against the City, thus not requiring a response.  To the extent a Response is required, this paragraph is denied by Defendant City.

151.    Defendant City restates and incorporates its Answer to paragraphs 1-150 herein.

152.    Paragraph 152 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

153.    Defendant Gourley has not been served.  To the extent paragraph 153 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service.

154.    Defendant Gourley has not been served.  To the extent paragraph 154 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied.

155.    Defendant Gourley has not been served.  To the extent paragraph 155 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service.

156.    Defendant Gourley has not been served.  To the extent paragraph 156 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, City admits this paragraph to the extent that this is an accurate recitation of the cited section, but otherwise denies this paragraph.

157.    Defendant Gourley has not been served.  To the extent paragraph 157 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, City denies this paragraph as written.

158.    Defendant Gourley has not been served.  To the extent paragraph 158 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is admitted.

159.    Defendant Gourley has not been served.  To the extent paragraph 159 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied as written.

160.    Defendant Gourley has not been served.  To the extent paragraph 160 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss

29

him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied as written.

161.    Defendant Gourley has not been served.  To the extent paragraph 161 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied as written.

162.    Defendant Gourley has not been served.  To the extent paragraph 162 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied as written.

163.    Defendant Gourley has not been served.  To the extent paragraph 163 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied as written.

164.    Defendant Gourley has not been served.  To the extent paragraph 164 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied a written.

165.    Defendant Gourley has not been served.  To the extent paragraph 165 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied.

166.     Defendant Gourley has not been served.  To the extent paragraph 166 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied.

167.     Defendant Gourley has not been served.  To the extent paragraph 167 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied.

168.     Defendant Gourley has not been served.  To the extent paragraph 168 is alleged against Gourley in his official capacity, City reserves the right to move to dismiss him in his official capacity within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, it is denied.

169.     Paragraph 169 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

170. Defendant Gourley has not been served. Paragraph 170 contains no allegations against the City, thus not requiring a response.  To the extent a Response is required, this paragraph is denied by Defendant City.

171.     Defendant City incorporates and restates its Answer to paragraphs 1-170 herein.

172.     Denied as written.

173.     Denied as written.

174.    City admits Paragraph 174 and its subparts I. through V. only to the extent they are accurate recitations; however, City denies this paragraph as to the use of the word "relevant."

175.    Denied.

176.    Denied.

177.    Denied.

178.    City admits paragraph 178 and its subparts only to the extent it is an accurate recitation of the cited section; otherwise, this paragraph is denied.

179.    Denied.

180.    Denied.

181.    City admits paragraph 181 only to the extent it is an accurate recitation of the cited section; otherwise, this paragraph is denied.

182.    Denied.

183.    Denied.

184.    City admits paragraph 184 only to the extent it is an accurate recitation of the cited section; otherwise, this paragraph is denied.

185.    Denied.

186.    City denies paragraph 186 and its subparts.

187.    City admits paragraph 187 to the extent it is an accurate recitation of the cited sections; otherwise this paragraph is denied.

188.    Denied.

189.    Denied.

190.   City admits paragraph 190 to the extent it is an accurate recitation of the cited sections; otherwise this paragraph is denied.

191.   Denied.

192.   Denied.

193.   City admits paragraph 193 to the extent it is an accurate recitation of the cited sections; otherwise this paragraph is denied.

194.   City denies paragraph 194 and all of its subparts, I through XVI.

195.   Denied.

196.   Denied.

197.   Denied.

198.   City denies paragraph 198 and all of its subparts, a-d.

199.   Denied.

200.   Denied.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Defendant City incorporates and restates its Answer to Paragraphs 1-205 herein.

207.    Paragraph 207 contains a statement of law and no allegations against this Defendant. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny and it is therefore denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied as written.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied as written.

218.    Denied as written.

219.    Denied.

220.    Denied as written.

221.    Denied as written.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Defendant City incorporates and restates its Answer to paragraphs 1-226 herein.

228.    Admitted.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied as written.

235.    Admitted.

236.    Defendant City denies paragraph 236 and its subparts I-III.

237.    Denied.

238.    Denied.

239.    Denied when there is a supervening act of the plaintiff or where the act is otherwise legally justified.

240.    Denied.

241.    Denied.

242.    Denied where there is a supervening act of the plaintiff or where the act is otherwise legally justified.

243.    Denied.

244.    Defendant City incorporates and restates  its Answer to Paragraph 1-243 herein.

245.   The City is without sufficient information to determine if paragraph 245 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

246.   The City is without sufficient information to determine if paragraph 246 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

247.   The City is without sufficient information to determine if paragraph 247 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

248.   The City is without sufficient information to determine if paragraph 248 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time

upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

249.    The City is without sufficient information to determine if paragraph 249 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

250.    The City is without sufficient information to determine if paragraph 250 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

251.    The City is without sufficient information to determine if paragraph 251 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

252.    The City is without sufficient information to determine if paragraph 252 contains allegations against the officers in their official capacities. To the extent this

paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

253.   The City is without sufficient information to determine if paragraph 253 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

254.   The City is without sufficient information to determine if paragraph 254 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

255.   The City is without sufficient information to determine if paragraph 255 contains allegations against the officers in their official capacities. To the extent this paragraph is alleged against the officers in their official capacities, City reserves the right to move to dismiss them in their official capacities within the prescribed statutory time upon service. To the extent this paragraph contains allegations against the City, the City denies this paragraph.

256.   Defendant City incorporates and restates its Answer to paragraphs 1-255 herein.

257.   This Court dismissed Plaintiff's request for punitive damages on May 19, 2021 [Doc. 9-Order Granting Defendant City's Motion to Dismiss].  Accordingly, this paragraph is denied.  To the extent this paragraph is alleged against Chief Gourley or the officers in their official capacities, City reserves the right to move to dismiss this request on their behalf within the prescribed statutory time upon service.

258.   This Court dismissed Plaintiff's request for punitive damages on May 19, 2021 [Doc. 9-Order Granting Defendant City's Motion to Dismiss].  Accordingly, this paragraph is denied.  To the extent this paragraph is alleged against Chief Gourley or the officers in their official capacities, City reserves the right to move to dismiss this request on their behalf within the prescribed statutory time upon service.

259.    City denies Plaintiff Prayer for Relief on pages 44-45 of the Complaint.

## AFFIRMATIVE DEFENSES

COMES NOW a Defendant, City of Oklahoma City, and for its Affirmative Defenses states as follows:

1.   Plaintiffs' Petition fails to state a claim upon which relief can be granted under state or federal law.

2.   That the conduct of S.R. caused or contributed to his injuries and damages.

3.   That all relevant OCPD training and its policies, procedures, rules and/or customs are constitutional and not the cause of the S.R.'s injuries and damages.

4.     That the OCPD training on the use of deadly force and its training has been repeatedly upheld by Courts in this District and by the 10th Circuit Court of Appeals.

5.     The Defendant is not responsible for the criminal conduct of third parties who caused the injuries and damages sustained by S.R.

6.     The contributory negligence of S.R. was the intervening/supervening cause of his injuries and damages.

7.     Plaintiff's damages are limited or barred by the Oklahoma Governmental Torts Claim Act, (OGTCA);

8.     Defendant City is exempt from liability pursuant to the Oklahoma Governmental Tort Claims Act.

9.     Any *de facto* policies alleged by Plaintiff to be the policies of the City in regard to this matter are not the policies of the Defendant City.

10.     The individual officer defendants' use of force in this matter was constitutional and consistent with the policies and training of the Defendant City.

11.     Allegations against the individual officers and Chief Gourley are improper.

12.     The criminal acts of S.R. are the direct cause of his injuries and subsequent death.

13.     The criminal acts of S.R. amount to a supervening act and are the sole cause of his injuries and subsequent death.

14.     The supervision, or lack thereof, of S.R. by his biological mother and legal guardian, Cameo Holland, in allowing him to possess a firearm and use it in the

commission of a felony in the subject event was contributorily negligent and a direct cause of the injuries and subsequent death of S.R.

15.   The negligence of S.R. and Cameo Holland outweigh any negligence on the part of the City or its officers in the subject event.

WHEREFORE, Defendant, City of Oklahoma City, having answered Plaintiff's Petition, prayerfully requests that this Court grant it judgment against Plaintiff, its costs and attorney fees.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

Sherri R. Katz
Litigation Division Head

/s/ Richard N. Mann
Katie Goff, OBA# 32402
Richard N. Mann OBA# 11040
Assistant Municipal Counselors
200 N. Walker, 4th floor
Oklahoma City, OK 73102
(405) 297-2451
katie.goff@okc.gov
richard.mann@okc.gov
Attorneys for Defendant City

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2021, I electronically transmitted the attached Answer to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Rand C. Eddy, rand@lawok.com, Attorney for Plaintiff.

/s/ Richard N. Mann
Assistant Municipal Counselor