IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CAMEO HOLLAND, an Individual and )
Next of Kin to Minor Child, S.R., Deceased, )
)
    Plaintiff, )
) Case No. CIV-21-275-J
v. )
)
CITY OF OKLAHOMA CITY and )
WADE GOURLEY, individually, )
COREY ADAMS, individually, )
JARED BARTON, individually, )
BRAD PEMBERTON, individually, )
BETHANY SEARS, individually )
JOHN SKUTA, individually )
)
    Defendants. )

## CITY OF OKLAHOMA CITY'S MOTION TO DISMISS DEFENDANT OFFICERS AND DEFENDANT GOURLEY IN THEIR OFFICAL CAPACITIES AND BRIEF IN SUPPORT

COMES NOW the City of Oklahoma City, on behalf of Defendant Wade Gourley, in his official capacity, and Defendants Corey Adams, Jared Barton, Brad Pemberton, Bethany Sears, and John Skuta (hereinafter Defendant Officers), in their official capacities, and pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure move this Court to dismiss them from this action as set forth in the brief herein.

## STATEMENT OF THE CASE

1.    On March 30, 2021, Plaintiff filed her Complaint alleging against Defendant Gourley causes of action pursuant to 42 USC §1983 including specifically "Excessive

Force," but he is named in random paragraphs throughout the Complaint under various subtitles not specifically alleged against him, including but not limited to paragraphs 216, 219-223, and 230. Complaint, Doc. 1.

2.  Plaintiff also makes allegations against the Defendant Officers in their official capacities, pursuant to 42 USC §1983, "Excessive Force" and, pursuant to State law "Assault and Battery." Complaint, Doc. 1, at p. 19, p. 21, p. 43. They are also named in random paragraphs through the petition, including but not limited to paragraphs 4-8, 17-28, 53-122. Complaint, Doc. 1.

3.  These causes of action arise from an Oklahoma City Police Department use of force occurring on or about November 23, 2020.

4.  Plaintiff has not filed any returns of service, but the City has reason to believe that Defendant Gourley was served on or about June 1, 2021. Further, the City is aware individual officers may have been served on or about May 20, 2021, but is unable to ascertain with specificity on what dates any of the individual officers have been served, thus this is filed now out of an abundance of caution.

5.  The City moves to dismiss Defendant Gourley and Defendant Officers from this matter in their official capacities.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

**Proposition No. 1. Defendant Gourley and the Defendant Officers are improperly named in their official capacities.**

Naming the Officer Defendants and Chief Gourley in their official capacities and the City of Oklahoma City is repetitive, unnecessary, and improper, and any official capacity causes of action against these Defendants must be dismissed.

Though the style of this lawsuit does not show that Defendant Gourley and the Defendant Officers are named their official capacities, the body of the Complaint clearly alleges Defendant Gourley and Defendant Officers were "within both [their] individual and official capacities." Complaint at ¶¶3-8, Doc.1. The Tenth Circuit Court of Appeals has held that "a suit [brought under §1983] against persons in their official capacities functions as a suit against the municipality itself." *Goss v. Bd. Of Cty. Comm'rs of Creek Cty.*, 645 F.App'x 785, 789 (10th Cir. 2016). Further, "official-capacity suits. . .'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).

Further, regarding Defendant Gourley, an action brought against an official for his action in implementing policy is an action against the entity itself that stands liable. The parties are one and the same. *Brandon v. Holt,* 469 U.S. 464 (1985), citing *Monell v. Department of Soc. Svcs.*, 436 U.S. 658, 690 (1978). Defendant Gourley, who is the current Chief of Police for the Oklahoma City Police Department, can set Procedures and Rules for the Police Department, but any Policy must be voted on by City Council. See Municipal Code of the City of Oklahoma City § 43-4.

In this matter, the City of Oklahoma City is a named Defendant and has "receive[d] notice [of the action] and [has had] an opportunity to respond" and has in fact

responded. Answer of Defendant City, Doc. 10. *Graham* at 166. Therefore, any allegations against Defendant Gourley or the Officer Defendants in their official capacities are improper and should be dismissed.

## CONCLUSION

For reasons stated herein, Defendant Gourley and the Defendant Officers are entitled to dismissal in their individual capacities.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

Sherri R. Katz
Litigation Division Head

/s/ Katie Goff
Katie Goff, OBA# 32402
Richard N. Mann OBA# 11040
Assistant Municipal Counselors
200 N. Walker, 4th floor
Oklahoma City, OK 73102
(405) 297-2451
katie.goff@okc.gov
richard.mann@okc.gov
Attorneys for Defendant City

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2021, I electronically transmitted the attached Motion to Dismiss to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Rand C. Eddy, rand@lawok.com, Attorney for Plaintiff.

/s/ Katie Goff
Assistant Municipal Counselor