IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CAMEO HOLLAND, an Individual )
and Next of Kin to Minor Child, S.R., )
Deceased, )
)
          Plaintiff, )
)
vs. )   Case No. CIV-21-275-J
)
(1) CITY OF OKLAHOMA CITY, )
(2) WADE GOURLEY, individually, )
(3) COREY ADAMS, individually, )
(4) JARED BARTON, individually, )
(5) BRAD PEMBERTON, individually, )
(6) BETHANY SEARS, individually, )
(7) JOHN SKUTA, individually, )
)
          Defendants. )

**MOTION OF DEFENDANTS JARED BARTON
AND BRAD PEMBERTON TO STAY CIVIL CASE
<u>AND BRIEF IN SUPPORT</u>**

     Defendants Jared Barton and Brad Pemberton respectfully request the Court stay the above styled civil action pending resolution of the Oklahoma County District Court criminal proceedings in CF-2021-875. The criminal case is set for preliminary hearing on August 20, 2021. See, Docket Sheet in CF-2021-875, attached as Exhibit 1.[1] Counsel for Plaintiff objects to this request. A stay is appropriate, as discussed in the attached brief, because the civil case arises out of, and seeks damages for, the same on-duty use of deadly force for which the defendant officers face trial in the criminal proceeding.

---

[1] Corey Adams, Bethany Sears and John Skuta are also defendants in the criminal case, but upon information and belief, have not yet been served in the civil case.

BRIEF IN SUPPORT OF MOTION TO STAY

Defendants Barton and Pemberton are Oklahoma City Police Officers, who used deadly force against Plaintiff's decedent while on duty and acting within the scope of employment. See, Doc. No. 1, ¶4-¶8; Doc. No. 10, ¶4-¶8. Following this shooting, they were charged with manslaughter. See, Doc. No. 1, ¶44; Exhibit 1, p. 3. Because the criminal charges and the civil causes of actions against the Defendant Officers arise out of the same series of events, the parallel proceedings will present many similar and overlapping issues.

Courts have broad discretion to stay civil proceedings in deference to and pending the outcome of a parallel criminal proceeding. *Urrutia v. Montoya*, 2016 WL 9777168 (June 29, 2016) (attached as Exhibit 2), citing *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F. 3d 1070 (10th Cir. 2009). When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. *Creative Consumer Concepts* at 1080. A district court may also stay a civil proceeding in deference to a parallel criminal proceedings for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution. *Id.* This Court relied on *Creative Consumer Concepts* to grant stays of civil proceedings similar to the stay requested by the defendant officers in *Estate of Huff v. Garfield County Detention Center*, 2018 WL 4035971 (W.D. Okla. Aug. 23, 2018) (attached as Exhibit 3) and *Ligons v. Holtzclaw*, CIV-15-1112-HE, Doc. 17. (Attached as Exhibit 4).

The greatest risk posed by parallel civil and criminal proceedings, of course, is that parallel proceedings may place significant burdens upon the Fifth Amendment privilege

against self-incrimination. *Louis Malletier S.A. v. LY USA, Inc.,* 676 F. 3d 83, 97 (2nd Cir. 2012). A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil action, if the defendant asserts his or her Fifth Amendment privilege, or being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation. *Id.* The Fifth Amendment privilege against self-incrimination is rooted in our society's traditional respect for the individual and serves to ensure the continued vitality of our accusatorial system of justice. *U.S. v. Rivas-Macias*, 537 F. 3d 1271, 1277 (10th Cir. 2008). Because of the important interests protected, the privilege should be construed broadly, as *Rivas-Macias* recognizes:

> [T]he constitutional guarantee against testimonial compulsion extends not only to answers that would in themselves support a conviction but also to information that would furnish a link in the chain of evidence that could lead to prosecution. Not much is required, therefore, to show an individual faces some authentic danger of self-incrimination, as the privilege "extends to admissions that may only tend to incriminate.
>
> * * *
>
> [W]e will uphold an individual's invocation of the privilege against self-incrimination unless it is "perfectly clear, from a careful consideration of all the circumstances in the case," that the witness "is mistaken" and his answers could not possibly have a tendency to incriminate. (internal citations and quotations omitted) *Rivas-Macias* at 1278-1279.

In light of the hazards posed to defendants by parallel proceedings, courts have developed multi-factor tests to apply in deciding whether to grant a stay in civil proceedings. *Louis Vuitton* at 99. Within the Tenth Circuit, district courts typically utilize a six factor test to account for the competing interests of the parties. *Urrutia* at *1, citing *Hilda M. v. Brown*, 2010 WL 5313755 (D. Colo. Dec, 20, 2010) (attached as Exhibit 5).

3

These factors are (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Urrutia* at *1; *Hilda M* at *3; *In re CFS-Related Securities Fraud Litigation*, 256 Supp. 2d 1227, 1236 (N.D. Okla. 2003).

Of these factors, the first is the most critical. *Hilda M.* at *3, citing S.*E.C. v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. 2008) (The most important factor in ruling on a motion to stay is the degree to which the civil issues overlap with the criminal issues.) Self-incrimination is more likely if there is significant overlap. *In re CFS* at 1237. In the instant case, the issues overlap completely. The defendant officers used deadly force against a criminal suspect, and as a result of that use of force, are now being prosecuted criminally for manslaughter and sued civilly excessive force. See, Exhibit 1, p. 3; Doc. 1, ¶123--¶150 and ¶123--¶244-255.

With respect to the second factor, the stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct. *Hilda M.* at *4 This is because the potential for self-incrimination is greatest during this stage, and the prejudice to the plaintiff is reduced since the criminal case will likely be resolved quickly due to Speedy Trial Act considerations. *Id.* In the instant case, the defendant officers have been charged and a preliminary hearing date has been set. Thus, as in *Hilda M.*, this factor "weighs heavily in favor of a stay against the defendants who have been criminally charged." *Id.*

4

The third and fourth factors set out in *Hilda M.* and *In re CFS* also support a stay. While the Plaintiff "of course" has as interest in the expeditious resolution of her case, this is outweighed by the significant interest of the defendant officers in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case. *Hilda M.* at *5. This is particularly true when the civil case is in its "infancy." *Urrutia* at *2. As *Urrutia* recognizes, "if it can be easily avoided, a person who is presumed innocent should not have to pay a cost to exercise a constitutional right." *Urrutia* at *3. While there may come a point, "if the criminal case drags on," where the Fifth Amendment dilemma may have to be faced, at this stage of the proceedings the third and fourth factors weigh in favor of a stay for the defendant officers. *See, Urritia* at *4. A stay is also appropriate to ensure that no party gains an advantage from engaging in discovery in the civil case while the criminal case proceeds, and that the civil proceeding does not expose the defendant officers' criminal defense strategy. *Fine v. Tumpkin*, 2018 WL 317466 (D. Colo. Jan. 8, 2018)(Attached as Exhibit 6), citing *Creative Consumer Concepts* at 1080.

Finally, the interests of the Court and the public are served by a stay. While the court has an interest in keeping litigation moving without unnecessary delay, resolution of the criminal case may increase the possibility of settlement of the civil case and may reduce the scope of discovery in the civil case because the evidence gathered during the criminal prosecution can later be used in the civil action. *Hilda* at *6. The Court and the public also have an interest in not needlessly expending resources on thorny legal and discovery issues that might be avoided by a temporary stay. See, *Urrutia* at *4. Consistent with the cases

cited above, Defendants Barton and Pemberton request the Court stay the civil proceedings pending the outcome of the criminal trial in CF-2021-875.

Respectfully submitted,

s/ Stacey Haws Felkner
Stacey Haws Felkner, OBA No. 14737
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
E-mail: shf@czwlaw.com

ATTORNEY FOR DEFENDANTS JARED BARTON, individually, and BRAD PEMBERTON, individually

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2021, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Rand C. Eddy, email at: rand@lawokc.com
MULINIX EDDY EWERT & MCKENZIE, PLLC
Oklahoma Tower
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
*Attorney for Plaintiff*

Richard N. Mann, email at: Richard.mann@okc.gov
Katie Goff, email at: Katie.goff@okc.gov
Assistant Municipal Counselor
City of Oklahoma City
200 N. Walker Avenue, Suite 400
Oklahoma City OK 73102
*Attorneys for Defendant City of Oklahoma City*

s/ Stacey Haws Felkner
Stacey Haws Felkner